**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  3:11-CV-432 |
| | ) | 3:11-CV-435 |
| PULLIAM ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

*****************************

| | | |
|---|---|---|
| ROBERT LODHOLTZ, as assignee of PULLIAM ENTERPRISES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANITE STATE INSURANCE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant, York Risk Services Group, Inc.'s Motion for Judgment on the Pleadings, filed on July 15, 2013.  For the reasons set forth below, this motion is **GRANTED**.  Count IV of the complaint in Case No. 3-11-CV-435 is **dismissed with prejudice** against York Risk Services.

BACKGROUND

   For purposes of the instant motion, the pleadings establish
the following.  On March 18, 2011, Robert Lodholtz was an employee
of Forge Industrial Staffing who was working at one of Pulliam
Enterprises Inc.'s assembly plants pursuant to a Work Agreement
between Forge and Pulliam.  While working at Pulliam, Lodholtz was
injured.  On June 24, 2011, Lodholtz brought a state court suit in
St. Joseph County Superior Court against Pulliam asserting his
injuries were a result of Pulliam's negligence.

   At the time the state court case was filed, Pulliam had in
effect a commercial general liability insurance policy issued by
Granite State Insurance Company, Policy No. 02-LX-027560275.  Upon
receipt of the state court suit, Pulliam forwarded a copy of the
complaint to Granite State.  Granite State received a copy of the
state court complaint from Pulliam and assigned a claim number to
the matter.  By July 7, 2011, Granite State assigned York Risk
Services Group, Inc. to handle the state court complaint for the
insured, Pulliam.  York is the authorized claim administrator for
Granite State.  The same day the claim was assigned to York, York
notified Pulliam that it was in receipt of the state court
complaint and had set up a file on the matter.

   On July 8, 2011, York contacted Lodholtz's counsel and
requested on behalf of Pulliam and received an extension up to and
including August 19, 2011, for Pulliam to file an answer to the

state court complaint. On July 11, 2011, York confirmed the extension of time, while stating that it was "the authorized representative of Granite State Insurance Company and their insured Pulliam Enterprises, Inc." (Complaint, Ex. C). By July 14, 2011, York reassigned the handling of the claim to a second, more senior adjuster working for York, John D'Errico. Mr. D'Errico wrote to Pulliam, confirming that the file had been assigned to him. D'Errico then undertook investigation of the claim. The claim was then internally transferred to a third adjuster, Richard Glaser. York sent a letter to Pulliam on August 18, 2011, stating that the handling of the claim would progress seamlessly.

On or before August 19, 2011, Granite and York did not hire or retain legal counsel to defend Pulliam against Lodholtz's state court complaint and did not inform Pulliam that Granite State would not defend Pulliam or would only do so under a reservation of rights. Legal counsel did not appear on Pulliam's behalf in the state court lawsuit by August 19, 2011. Neither Granite nor York sought to obtain an additional extension of time for Pulliam to file and answer before the deadline expired.

Granite State knew Pulliam's answer was due in the state court case by August 19, 2011, and had communicated to York that it was not going to provide a defense for Pulliam. However, Granite State did not tell Pulliam that it would have to defend itself in the state court lawsuit prior to the due date for the answer. And,

although York knew Pulliam's answer was due by August 19, 2011, and believed that Granite State was not going to provide a defense for Pulliam, York did not tell Pulliam that it would have to defend itself prior to August 19, 2011.

On August 22, 2011, Lodholtz filed a motion for default judgment against Pulliam. Pulliam forwarded that motion to Granite State on August 23, 2011. As of the date that the motion for default judgment was filed, Granite and York: (1) were aware the state court case involved serious injuries; (2) possessed all the information they needed to trigger Granite State's duty to defend Pulliam; (3) were aware that Granite State had a duty to defend Pulliam (if the underlying lawsuit was covered under the policy); (4) had not denied coverage; (5) had not filed a declaratory judgment action; (6) had not hired defense counsel for Pulliam; (7) had not issued a reservation of rights; (8) failed to seek an additional extension of time in which to answer the complaint; (9) failed to advise Pulliam that Granite State would not be defending the state court case; and (10) failed to advise Pulliam that it needed to retain its own defense counsel.

On August 23, 2011, the St. Joseph Superior Court entered a default judgment as to liability against Pulliam and ordered a trial on damages. After receiving a copy of the motion for default judgment, York sent an e-mail to Pulliam, stating, in part:

> Sincere apologies for any miscommunication in the past regarding the assignment of defense counsel. Please note

that Pulliam Enterprises, Inc. will need to retain its
own defense attorney to represent you in this matter for
as explained in the insurance carrier Granite State does
not appear to cover this loss.  The reason is that the
injured party was considered an employee despite his
temporary status and there is no coverage in the policy
for injuries to an insured employee.  An official
coverage position will be forwarded to Pulliam
Enterprises in the near future.  Once you assign to an
attorney, they will know how to deal with this situation
and protect your interests properly.  In the event
Granite State determines they do provide coverage, they
will reasonable [sic] reimburse any defense costs.

(Complaint, Ex. G)

On August 24, 2011, Pulliam's private counsel, Scott Keller,
appeared in the state court lawsuit.  On that day, he e-mailed a
letter to York requesting Granite State to immediately provide its
official coverage position.  Attorney Keller also stated that
"Pulliam may be forced to assert various claims against York and
Granite State including, but not limited to, breach of contract,
breach of fiduciary duty and professional negligence. (Complaint,
Ex. H).  Two days later, York responded by stating, "It is my
understanding that the insurer, Granite State, has issued or will
shortly issue or direct York to issue a letter denying coverage.
Under the circumstances I urge that your client take immediate
action to vacate the default and defend itself in this matter."
(Complaint, Ex. I).

Pulliam reached a settlement with Lodholtz on September 7,
2011.  Under the terms of the settlement, Pulliam agreed not to
move to vacate the default judgment, not oppose the amount of

damages, and Pulliam assigned any and all of its claims to Lodholtz. Lodholtz agreed not to enforce the judgment against Pulliam and, instead, would seek to proceed and collect from Granite State and York.

On September 13, 2011, York sent a letter to Pulliam stating that Granite would defend the state court lawsuit. York stated, "[b]ecause we are not yet aware of all the circumstances giving rise to Mr. Lodholtz's employment, we are not able to determine whether Mr. Lodholtz was a leased worker or a temporary worker, as defined in the Granite State Policy." (Ex. K, p. 3). In the letter, it was communicated that Granite State would defend the state court lawsuit subject to a reservation of rights. (Ex. K). The next day, Pulliam rejected Granite's offer because it had already entered into a settlement with Lodholtz.

Ultimately, after an evidentiary hearing, the state court entered a default judgment for Lodholtz and against PULLIAM in the amount of $3,866,462.

Lodholtz, as assignee of Pulliam, then filed a complaint here against Granite State and York based on their handling the defense of Pulliam in the state court case. In Count IV of the complaint, Lodholtz asserts a negligence claim against York, alleging "York owed Pulliam a duty to exercise reasonable care in handling the defense of Pulliam with respect to the claims made by Lodholtz." (Cmplt, ¶ 69).

York has filed the instant motion for judgment on the pleadings with respect to Count IV.  York argues the that the pleadings do not give rise to a negligence claim for which relief can be granted because York did not have a legal duty toward Pulliam in respect to handling the defense of the state court case.

DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion."  *Id*. (citations omitted).

Additionally, Federal Rule of Civil Procedure 12(d) instructs that "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  With that said, however, the Court can consider documents attached to the Plaintiff's complaint.  *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856 (7th Cir. 2002).

<u>The Negligence Claim Must be Dismissed Against York</u>
<u>Because York Had No Duty of Reasonable Care to Pulliam</u>

Count IV of the complaint alleges a negligence claim against

York.  Specifically, Lodholtz claims that York owed Pulliam a duty to exercise reasonable care in handling the defense of Pulliam in the state court case and it breached that duty, causing damages. To prevail on a theory of negligence in Indiana, a plaintiff must show: "(1) the defendant owed the plaintiff a duty to conform his or her conduct to a standard of care arising from a relationship with the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach of that duty proximately caused an injury to the plaintiff."  *West Bend Mut. Insurance Co. v. 1st Choice Insurance Services*, 918 N.E.2d 684, 689-90 (Ind. Ct. App. 2009)(*citing Briesacher v. Specialized Restoration and Constr., Inc.*, 888 N.E.2d 188, 192 (Ind. Ct. App. 2008)).

The question here is: did York, as a claims administrator, have a duty to exercise reasonable care towards Pulliam, the insured, in the handling of the defense in the state court case? York argues that Pulliam, as a third party, had no relationship with it from which a duty could arise.  For his part, Lodholtz argues York assumed a duty towards Pulliam and owed a common law duty to Pulliam.

Whether or not a claims administrator, such as York, has a common law duty of reasonable are towards an insured, such as Pulliam, is not a novel question in Indiana:

> Although there is a split of authority among state jurisdictions as to whether a negligence claim may be brought by an insured against an adjuster, the majority view is that an adjuster owes no duty or reasonable care

to an insured, only the insurer. *Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003)(collecting cases). As [] point[ed] out, Indiana has indicated its acceptance of the majority position. *See Troxell v. American States Insurance Company*, 596 N.E.2d 921, 925 (Ind. Ct. App. 1997)(citing *Valestequi v. Exchange Insurance Company*, 132 Misc.2d 896 (N.Y. 1986), and noting "defendant adjuster, who was agent of insurer and had no contractual relationship with insureds, did not have duty to insureds to exercise ordinary care")(internal citation omitted).

*Shree Hari Hotels, LLC v. Society Insurance Company*, No. 1:11-CV-1324, 2013 WL 1500455, *3 (April 11, 2013, S.D. Ind.). Thus, in Indiana, York, as Granite State's insurance adjuster, has no common law duty of reasonable care to Pulliam in handling the defense of the state court case.[1]

Lodholtz tries to escape this conclusion by arguing that the instant case is distinguishable from *Troxell* and *Shree* because, here, York assumed a duty toward Pulliam. Lodholtz argues that York assumed a duty to defend Pulliam because: (1) D'Errico confirmed that the file had been assigned to him and then undertook investigation of the coverage issues and the lawsuit; (2) in a letter to Lodholtz's counsel, York stated that "York Risk Services is the authorized representative of Granite State Insurance company

---

[1]While Lodholtz attempts to distinguish *Shree* and *Troxell* on the basis that those cases involved "first-party claims" whereas the instant case deals with a "third-party claim," this Court finds the distinction to be without a difference in a negligence case such as this. The relationship between York and Pulliam is still one between a claims administrator and the insured, which *Shree* and *Troxell* has found no general duty exists. And, although Lodholtz argues that the type of claim is a material distinction, he has failed to convince this Court that Indiana law would deem that to be true.

and their insured, Pulliam Enterprises, Inc."; (3) York secured for Pulliam an initial extension to answer the complaint; and (4) "after York internally transferred the matter to yet a third adjuster, Richard Glaser, York sent a letter to Pulliam on August 18, 2011, stating that 'the handling of the claim would progress as seamlessly as possible.'" (DE# 129, pp. 13-14).

It is true that "Indiana recognizes the gratuitous assumption of duty by one who, through affirmative conduct or agreement, assumes and undertakes a duty to act. *Sizemore v. Templeton Oil Co., Inc.*, 724 N.E.2d 647, 651 (Ind. App. Ct. 2000)(citing *Ember v. B.F.D., Inc.*, 490 N.E.2d 764, 769 (Ind. Ct. App. 1986)). "The assumption of duty creates a special relationship between the parties and a corresponding duty to act in the manner of a reasonably prudent person." *Id.*

While Lodholtz relies heavily on York's letter identifying itself as the "authorized representative" of Granite State and Pulliam as well as role York played in the defense, this is insufficient to conclude that York assumed the duty to defend Pulliam. In Indiana, "[t]he actor must specifically undertake to perform the task he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative legal duty to perform the undertaking carefully." *Smith v. Delta Tau Delta*, 988 N.E.2d 325, 336 (Ind. Ct. App. 2013)(quoting *Am. Legion Pioneer Post No. 340 v. Christon*, 712

N.E.2d 532, 535 (Ind. Ct. App. 1999)). Although Lodholtz points to York's letters and participation of the insurance claim and accompanying lawsuit, there is nothing in the record establishing that York undertook any specific duty to defend Pulliam. It is important to understand that for assumption of duty to be applicable, "the defendant must have undertaken the duty both 'specifically and deliberately.' . . . [I]t is also important that the party on whose behalf the duty is being undertaken relinquish control of the obligation; the party who adopts the duty must be acting 'in lieu of' the original party." *Id.(quoting Griffin v. Simpson*, 948 N.E.2d 354, 360 (Ind. Ct. App. 2011)). There are no allegations, evidence or argument that York undertook the handling of the defense of Pulliam in the state-court case from Granite State. To the contrary, all indications point to the fact that Granite State maintained in control of that obligation and York merely acted as Granite State's claims adjuster.

While the assumption of duty doctrine exists in Indiana, it is not applicable here. Simply put, York did not assume the duty to defend Pulliam in the underlying state court case. The pleadings establish that York's complained of actions were performed as Granite State's insurance claims adjuster. Thus, York's actions cannot be characterized as a gratuitous assumption of the duty to defend Pulliam. And, as this Court has already discussed above, Indiana law has examined the relationship between an insured and an

adjuster, and determined that the adjuster has no duty of reasonable care towards the insured. This Court finds nothing in York's actions to change that relationship between itself and Pulliam.

Consequently, York did not assume the duty to defend Pulliam, had no duty of reasonable care to Pulliam, and thus cannot be liable for negligence related to the handling of the defense of Pulliam in the state-court case. *Griffin v. Simpson*, 948 N.E.2d 354, 359 (Ind. Ct. App. 2011)(noting that the issue of whether a defendant has assumed a duty can be determined as a matter of law).

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**. Count IV of the complaint in Case No. 3-11-CV-435 is **dismissed with prejudice** against York Risk Services.

DATED:  March 19, 2014            /s/RUDY LOZANO, Judge
                                  **United States District Court**

-12-