**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:11-CV-432 ) 3:11-CV-435 |
| PULLIAM ENTERPRISES, INC., et al., | ) ) ) |
| Defendants. | ) |
| ***************************** | |
| ROBERT LODHOLTZ, as assignee of PULLIAM ENTERPRISES, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GRANITE STATE INSURANCE COMPANY, et al. | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Granite State Insurance Company and New Hampshire Insurance Company's Rule 60(b)(4) Motion and Summary Judgment Motion (DE# 125); and (2) Granite State Insurance Company and New Hampshire Insurance Company's Motion Requesting Oral Argument on Their Rule 60(B)(4) Motion and Summary Judgment Motion (DE# 127), both filed in Case

No. 3-11-CV-432 on July 15, 2013. For the reasons set forth below, the motion for summary judgment is **GRANTED** to the extent that this Court will disregard the default judgment entered in *Robert Lodholtz v. Pulliam Enterprises, Inc.*, Cause No. 71-D04-1106-CT-00135, filed in the Superior Court of St. Joseph's County, Indiana. Because this Court finds oral argument unnecessary, and considering that Pulliam believes it to be unnecessary as well, the motion requesting oral argument is **DENIED**.

BACKGROUND

This case arises out of an underlying default judgment awarded in the lawsuit captioned *Robert Lodholtz v. Pulliam Enterprises, Inc.*, cause no. 71-D04-1106-CT-00135 filed in the Superior Court of St. Joseph County, Indiana (hereinafter "state case"), which was brought by Robert Lodholtz against Pulliam Enterprises, Inc.

On March 18, 2011, Robert Lodholtz was an employee of Forge Industrial Staffing, a staffing agency. Forge Staffing had a "Work Agreement" with Pulliam Enterprises, Inc., whereby Forge agreed to supply employees to Pulliam. Lodholtz worked at one of Pulliam's assembly plants pursuant to that Work Agreement. While working at Pulliam, Lodholtz suffered a crushed pelvis and severe disfiguring injuries when a "laser cutting machine" owned and maintained by Pulliam malfunctioned and caused him to be pulled into the machine.

At the time Lodholtz was injured at Pulliam's facility,

Granite State Insurance Company insured Pulliam under a commercial general liability policy and New Hampshire Insurance Company insured Pulliam under a commercial umbrella policy.

On June 24, 2011, Lodholtz filed suit against Pulliam in the Superior Court of St. Joseph County, Indiana, for personal injuries and other damages that he sustained. The complaint alleged that Lodholtz was an "invitee" when he was injured at Pulliam's plant. The complaint in the state case alleged a negligence/premises liability against Pulliam. The complaint further alleged that Lodholtz "was an employee of Forge" and "perform[ing] services for Forge" when injured and that he was "not making a claim for worker's compensation" against Pulliam.

On June 27, 2011, the complaint was served upon Pulliam. On July 6, 2011, Pulliam provided notice -which was apparently received July 7, 2011- of the lawsuit to its primary insurer, Granite State, and its umbrella insurer, New Hampshire, (collectively "Insurers"). York Risk Services, Inc. ("York") served as Granite State's claims administrator. On July 8, York contacted Lodholtz's counsel "and requested and received an extension to answer the complaint on or before August 19, 2011."

No answer to the complaint was filed by August 19, 2011. On August 22, 2011, Lodholtz filed a motion for default judgment against Pulliam. On August 23, the state court granted the default as to the negligence/liability against Pulliam and ordered a trial

be set on damages. The same day that default judgment was entered against Pulliam, York advised Pulliam that it needed to retain its own defense counsel as "Granite State does not appear to cover this loss." In response, Pulliam advised York of the default judgment and stated that it would hire independent defense counsel. Pulliam also requested that Granite State provide a definitive coverage position. Pulliam retained private counsel, who entered his appearance and requested an extension of time to file Pulliam's answer; he did not, however, move to vacate the default judgment. The state court gave Pulliam until September 22, 2011, to file its answer.

On August 25, 2011, Granite State[1] told York that it "remains" Granite State's belief that "there likely is no coverage," and "instructed [York] not to assign counsel to try to vacate default." The next day, York's General Counsel responded to Pulliam's private counsel for an "official coverage position," stating that Granite State would be denying coverage.

On September 7, 2011, without Granite State's knowledge or consent, Lodholtz and Pulliam settled this case, by entering into a covenant-not-to-execute. Pulliam agreed not to vacate the default judgment or to contest damages, and to assign to Lodholtz its rights against its insurers - including any claims for breach

---

[1] Actually, Chartis; however, Granite State is a member of the Chartis group of insurance companies. Thus, these parties can be used interchangeably.

-4-

of the insurance contracts and bad faith.  In exchange, Lodholtz agreed not to execute on the judgment against Pulliam.

On September 13, 2011, Granite State, through York, issued its coverage position.  Granite State advised that while the policy likely excluded coverage for the claim, Granite State would defend Pulliam under a reservation of rights.  Pulliam rejected the defense, however, stating that it was no longer requesting a defense in light of the settlement.  Pulliam did not answer the complaint.

On September 28, 2011, Granite State sought to intervene as of right on the basis that it had an interest in the subject of the lawsuit and its interest was not represented.  Granite State also argued that Lodholtz was an employee of Pulliam and that Lodholtz's complaint was therefore barred by the exclusive-remedy provision of the "Indiana Workers' Compensation Act."  On October 28, 2011, the state trial court held a hearing, denied Granite State's request to intervene, and proceeded to a bench trial to determine damages. Pulliam did not appear at the bench trial and Granite State, was not allowed to participate.  On November 1, 2011, the state trial court entered judgment for Lodholtz and against Pulliam in the amount of $3,866,462.

On November 3, 2011, Granite State filed in this Court a "Complaint for Declaratory Judgment," seeking this Court declare that Granite State has "no duty to indemnify Pulliam" with respect

to the state court judgment.

On November 30, 2011, Granite State filed its Notice of Appeal with the Indiana Court of Appeals, appealing the denial of its motion to intervene and vacate default judgment. On appeal, Granite State argued that the state trial court abused its discretion in not allowing it leave to intervene and that Granite State was entitled to relief from the judgment because the trial court lacked subject matter jurisdiction. Following oral argument, the Indiana Court of Appeals denied Granite State's appeal. *Granite State Insurance Co. v. Lodholtz*, 981 N.E.2d 563, 567 (Ind. Ct. App. 2012). Granite State filed a Petition to Review with the Indiana Supreme Court, arguing that the state trial court's judgment was void for lack fo subject matter jurisdiction. However, the Indiana Supreme Court denied Granite State's petition to transfer on May 24, 2103.

This case was stayed pending the resolution of the state court proceedings. On May 30, 2013, this stay was lifted.

In the instant motion, the Insurers seek a determination by this Court that the underlying state court judgment should be disregarded for want of subject matter jurisdiction, arguing that the state trial court had no jurisdiction to enter an award against Pulliam and in favor of Lodholtz. The Insurers invoke Rule 60(b)(4) of the Federal Rules of Civil Procedure in their attempt to void the underlying judgment and claim they are entitled to

summary judgment as a matter of law.

DISCUSSION

Declaratory Judgment Act

Relief under the Declaratory Judgment Act is discretionary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). A "[d]eclaratory judgment should not be granted to try particular issues without settling the entire controversy, or to interfere with an action already instituted." *See Sears, Roebuck & Co. v. American Mut. Liability Ins. Co.*, 372 F.2d 435 (7th Cir. 1967); *see also Nail v. Gutierrez*, 2007 WL 1423748 *1 (N.D. Ind. May 10, 2007) ("the purpose of declaratory judgments are 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage has accrued'" (quoting *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994)). "The standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy or clarify the legal relations in issue." *See id.* Since the Supreme Court decided that declaratory judgments could be useful in insurance cases, they have become a very common tool for determining issues of liability, extent of coverage, and waiver issues. *See Aetna Life Ins. Co. of Hartford, Conn. v.*

*Haworth*, 300 U.S. 227 (1937); *see also* 10B Fed. Prac. & Proc. Civ. § 2760 (3d ed.).

In the instant motion, Granite State seeks a declaration that they have no obligation to indemnify Lodholtz for the underlying judgment. Granite state argues that the St. Joseph County Superior Court lacked subject matter jurisdiction to enter the underlying judgment. And, Granite State argues that it is entitled to relief from that judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. After due consideration, this Court finds it appropriate to exercise its discretion and rule on the instant motion seeking a declaratory judgment.

<u>Rule 60(b)(4) of the Federal Rules of Civil Procedure</u>

Granite State seeks this Court to either disregard or declare void the default judgment entered by the St. Joseph Superior Court, employing Rule 60(b)(4) of the Federal Rules of Civil Procedure, arguing that the St. Joseph Superior Court lacked subject matter jurisdiction to enter default judgment.

"The general rule in this circuit is that relief from a judgment under rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. The decision to grant relief under rule 60(b) is left to the sound discretion of the trial court . . .." *United States v. Zima*, 766 F.2d 1153, 1157 (7th Cir. 1985). Under Rule 60(b)(4), "the court may relieve a party or his legal

representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."

Rule 60(b)(4) can be used to collaterally attack and "void" or "annul" a final judgment based on a lack of subject matter jurisdiction. *United States v. Tiittjung*, 235 F.3d 330, 335 (7th Cir. 2000). However, such a use "is narrowly tailored, such that a lack of subject matter jurisdiction will not always render a final judgment 'void.' Only when the jurisdictional error is 'egregious' will the courts treat the judgment as void. To be egregious, and thus void under Rule 60(b)(4), the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of it's authority." *Id.* (citations omitted). "If it is not egregious, the courts say that the court that issued the judgment in excess of its jurisdiction had jurisdiction to determine jurisdiction, and its jurisdictional finding, even if erroneous, is therefore good against collateral attack, like any other erroneous but final judgment." *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992).

Nevertheless, Lodholtz is correct that, typically, this Circuit requires Rule 60(b) motions seeking to annul a judgment to be presented to the rendering Court. *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000)(citations omitted); *Baig v. Coca-Cola Co.*, 2009 WL 1470176, *3 (N.D. Ill. May 27, 2009). In this

case, the rendering court is the St. Joseph Superior Court, which entered the judgment. So, if the Granite State wants to completely vacate the state court default judgment, then it is best served by filing the appropriate motion in the St. Joseph Superior Court. Simply put, this Court is not in the position to annul or void the state court judgment. Even if this were not a rigid rule, permitting the rendering court to annul the judgment is a better course.

Even though this Court will not void or annul the judgment, the Court is free to disregard it "if the rendering court lacked jurisdiction." *Elite Erectors,* 212 F.3d at 1034; *Baig*, 2009 WL 1470176 at *3. In fact, this is exactly what Granite State seeks: for this Court to disregard the state court judgment. (DE# 136, p. 5). The issue is whether this Court will disregard or enforce the state court judgment. To make this decision, this Court must determine if the state court had subject matter jurisdiction to enter a default judgment. If the state court had subject matter jurisdiction, this Court will enforce its judgment. However, if the state court lacked subject matter jurisdiction, this Court will disregard the judgment.

<u>This Court will disregard the state court default judgment because the St. Joseph Superior Court lacked subject matter jurisdiction</u>

The face of Lodholtz's complaint against Pulliam expressly

-10-

alleged "a claim for negligence/premises liability against Pulliam" and stated it "is not making a claim for worker's compensation." (D# 81-1). It also specifically alleged Lodholtz was "in the employ of Forge" and assigned by Forge to "perform services for Forge at one of Pulliam's assembly plants" when he was injured on Pulliam's property. *Id.* The complaint further alleged Lodholtz was an invitee of Pulliam. *Id.* Thus, there is nothing apparent on the face of the complaint to divest St. Joseph County Court - a court of general jurisdiction- of subject matter jurisdiction.

Because there is nothing apparent on the face of the complaint to divest St. Joseph County Superior Court of subject matter jurisdiction, Granite State, as the party challenging jurisdiction, has to burden to establish the lack of it. *Methodist Hosp. of Ind., Inc. v. Ray*, 551 N.E.2d 463, 467 (Ind. Ct. App. 1990), *adopted in* 558 N.E.2d 829 (Ind. 1990). When considering whether subject matter jurisdiction existed in the Indiana trial court, this Court can look to the state court complaint, the current motion for summary judgment, and any evidence submitted in support. *EEOC v. Chicago Club*, 86 F.3d 1423, 1428 (7th Cir. 1996)("It is the duty of th[e] court to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'"); *MHC Surgical Ctr. Assocs., Inc. v. State Office of Medicaid Policy and Planning*, 699 N.E.2d 306, 308 (Ind. Ct. App. 1998).

In an effort to establish a lack of jurisdiction, Granite State has provided the Work Agreement between Forge Industrial Staffing and Pulliam Enterprises, whereby Forge agreed to supply temporary labor to Pulliam. (Ex. B). Granite State submits, and Lodholtz does not dispute, that Forge sent him to work at Pulliam pursuant to that Work Agreement. Granite State argues that the Work Agreement, which was not a part of the state court proceedings, is conclusive evidence that Lodholtz qualifies as Pulliam's employee. And, if Lodholtz is Pulliam's employee, Granite State argues, it follows that the St. Joseph Superior Court did not have subject matter jurisdiction to enter judgment on Lodholtz's complaint for personal injuries because Lodholtz's exclusive remedy would be Indiana's Workers Compensation Act.

> The Indiana Worker's Compensation Act (the "Act") provides the exclusive remedy for recovery of personal injuries arising out of and in the course of employment. Ind. Code § 22-3-2-6. Although the Act bars a court from hearing any common law claim brought against an employer for an on-th-job injury, it does permit an action for injury against a third-party-tortfeasor provided the third-party is neither the plaintiff's employer nor a fellow employee. Ind. Code § 22-3-2-13.

*GKN Co. V. Magness*, 744 N.E.2d 497, 401-02 (Ind. 2001).

Thus, it must be discerned if, for purposes of the Act, Pulliam is Lodholtz's employer or a third-party tortfeasor. If Pulliam is considered Lodholtz's employer, then the Act provides for the exclusive remedy for personal injuries arising out of and in the course of his employment for claims brought against Pulliam.

-12-

On the other hand, if Pulliam is a third-party tortfeasor, then Lodholtz would have been free to pursue a negligence claim against Pulliam in St. Joseph County Superior Court.

The Act defines what constitutes an "employer." And, in Indiana, "[a] person may have more than one employer at any given time for purposes of the Worker's Compensation Act when one employer has loaned his employee to another employer." *Johnson v. Poindexter Transport, Inc. and Crane Service*, 994 N.E.2d 1206, 1211 (Ind. Ct. App. 2013)(quoting *Verma v. D.T. Carpentry, LLC*, 805 N.E.2d 430, 433 (Ind. Ct. App. 2004)). Thus, "[b]oth a lessor and a lessee of employees shall each be considered joint employers of the employees provided by the lessor to the lessee. . .." Ind. Code § 22-3-6-1(a). This applies to temporary employees as well. *Kenwal Steel Corp. v. Seyring*, 903 N.E.2d 510 (Ind. Ct. App. 2009).

Here, Lodholtz was an employee of Forge staffing. The Work Agreement shows that Forge leased employees to Pulliam. And, it is undisputed that this is how Lodholtz ended up working at Pulliam's assembly plant where he was injured. Based upon the record, including the Work Agreement, this Court finds that the evidence establishes Lodholtz was an employee of both Forge and Pulliam when the injury occurred. Such a finding is consistent with Indiana law. *Johnson*, 994 N.E.2d 1206; *Taylor*, 944 N.E.2d 78; *Kenwal Steel*, 903 N.E.2d 510. Because Pulliam was Lodholt's employer, the exclusive remedy for Lodholtz would be the Indiana Worker's

Compensation Act. Consequently, this Court respectfully concludes that the St. Joseph County Court lacked subject matter jurisdiction to enter a default judgment against Pulliam for negligence/premises liability, which resulted in Lodholtz's injuries. Ind. Code § 22-3-2-6. Because the St. Joseph Superior Court lacked subject matter jurisdiction, this Court will disregard the state court default judgment here.[2]

Pulliam attempts to avoid this conclusion by arguing that the St. Joseph County Court did, in fact, have jurisdiction to enter the judgment.[3] (DE# 135, p. 22). However, Pulliam ignores the existence of the Work Agreement and does not address it at all. In fact, Pulliam entirely fails to discuss the actual work arrangement between Lodholtz, Forge and Pulliam. Nor does Pulliam attempt to explain how and why Pulliam should not be considered Lodholtz's employer under the Act. Instead, Pulliam wholly focuses its argument to the face of Lodholtz's complaint.

Pulliam argues that, based upon the face of Lodholtz's complaint, the St. Joseph Superior Court had jurisdiction. Notably, though, the allegations of the state court complaint were

---

[2] In its motion for summary judgment, Granite briefly argues that because the default judgment if void, the consolidated case, 3-11-cv-435, must be dismissed, too. However, as the judgment has not been annulled but, instead, simply disregarded, this decision is left for another day.

[3] And, it's not surprising that the state trial and appellate courts believed they had subject matter jurisdiction, as there was no evidence to the contrary in the state court record. Granite State was not a party to the underlying state court case.

never challenged, as the case resulted in a default judgment. Moreover, neither the trial court or appellate court ever ruled on the issue of subject matter jurisdiction. Although courts are to rule on this issue *sua sponte*, the Indiana courts cannot be wholly blamed for this omission, as Granite State was not permitted to intervene in the state court case; thus, no evidence was ever presented in the state court establishing the state court's lack of jurisdiction. Tellingly, the appellate court discussed with Lodholtz's counsel the Work Agreement pursuant to which Lodholtz was supplied to Pulliam:

>**Court**: I though there was an agreement that your client was in fact sort of a co-employee of both companies?
>
>**Mr. Rice**: Your honor there is no agreement to that effect **in the record** and there is no agreement that I am aware of which would position that towards Robert Lodholtz. What is important here in terms of the workers comp and the question of subject matter jurisdiction is: what was in the complaint? And if there was an agreement it's the burden of York and Granite State to bring that forward to the court and say here is the agreement, here is the thing that we think, here is the evidence we think deprives this court of subject matter jurisdiction, because otherwise it's simply speculation. The only thing that was established before the court, because at that point we had a default, was the allegations of the complaint. Remember that under a default judgment the allegations become a confession. And the allegations of the complaint were clear that this was not a claim for workers compensation and Robert Lodholtz was an employee of Forge.
>
>**Court**: Well, let me ask you a question about the briefs, in the appellant's brief they indicate that

> Lodholtz was an employee of Forge, and was also an employee of Pulliam under a contract by which it leased workers from Forge, pointing to the appendix, and that Lodholtz does not dispute this leased worker, co-employee status. Am I missing in your brief someplace where you disputed that?
>
> **Mr. Rice**: That Lodholtz was a . . . was not a . . .
>
> **Court**: Was, essentially, a co-employee, a leased worker for Pulliam as well.
>
> **Mr. Rice**: Your Honor it's clear that he was not. **There is no evidence in the record.**

Ex. 7 at ¶ 4.

The appellate court was simply advised that the Work Agreement was not part of the state court record. Because the information provided to the appellate court was limited to the allegations in the complaint, there was no evidence to establish a lack of subject matter jurisdiction.

Here, though, the allegations of the state court complaint are not conclusive and this Court is permitted to look beyond the complaint in determining whether the St. Joseph County Court had subject matter jurisdiction. *Tittjung*, 235 F.3d at 335("It is the duty of this court to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.")(internal quotation omitted); *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 147 (N.D. Ind. 1985)(considering additional evidence to determine if personal jurisdiction exists in ruling on a Rule 60(b)(4) motion). And, as explained above, the evidence

beyond the complaint- namely, the Work Agreement- strongly suggests that it did not.

Pulliam also lodges a host of reasons - from *res judicata* to the *Younger* abstention doctrine to the *Rooker Feldman* doctrine to principles of comity and federalism- why this Court should not and can not annul the default judgment. However, as this Court is not annulling the default judgment, none of those arguments are compelling. And, this Court simply disregarding a state court judgment because the state court lacked jurisdiction to impose the judgment is the accepted course of practice in this Circuit. *Elite Erectors, Inc.*, 212 F.3d at 1034; *Baig*, 2009 WL 1470176 at *3. Lodholtz's collateral arguments to the contrary are no persuasive.

CONCLUSION

For the reasons set forth above, the motion for summary judgment is **GRANTED** to the extent that this Court will disregard the default judgment entered in *Robert Lodholtz v. Pulliam Enterprises, Inc.*, Cause No. 71-D04-1106-CT-00135, filed in the Superior Court of St. Joseph's County, Indiana. Because this Court finds oral argument unnecessary, and considering that Pulliam believes it to be unnecessary as well, the motion requesting oral argument is **DENIED**.

**DATED: March 21, 2014** /s/RUDY LOZANO, Judge