# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY and NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 3:11-CV-432 |
| PULLIAM ENTERPRISES, INC., And ROBERT LODHOLTZ, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Granite State Insurance Company and New Hampshire Insurance Company's Objection to Magistrate Judge Nuechterlein's June 10, 2015 Order, filed by Defendant, Granite State Insurance Company and Plaintiff-Intervenor, New Hampshire Insurance Company, on June 24, 2015 (DE #246). For the reasons set forth below, the objection (DE #246) is **OVERRULED**.

BACKGROUND

Over three years ago, Pulliam Enterprises, Inc. and Robert Lodholtz (collectively "Pulliam"), served non-party Willis of New Hampshire, Inc. ("Willis") a subpoena for documents. Willis did not object to the subpoena under Federal Rule 45(c), nor did it

produce documents. Instead, Granite State moved to quash the Willis subpoena, which Magistrate Judge Christopher A. Nuechterlein denied on July 5, 2012 (DE #80). Granite State did not object to Judge Nuechterlein's ruling in July 2012.

Now, Granite State Insurance Company ("Granite") and New Hampshire Insurance Company ("New Hampshire") filed the instant Petition for Review pursuant to Federal Rule of Civil Procedure 72(a), objecting to the June 10, 2015 order entered by Judge Nuechterlein (DE #235). The insurers argue that the June 10, 2015 order "reaffirmed his July 5, 2012, ruling that all privileges with respect to documents maintained by the Insurers' underwriting agent, Willis of New Hampshire, Inc. ("Willis"), have been waived." (DE #246, p. 1.)

In a hearing held on June 4, 2015, before Judge Nuechterlein, he did indicate he would "revisit" his ruling on the motion to quash and "any decision I make is subject to review, again, by Judge Lozano." (DE #247-1, pp. 33-34.) However, the June 10, 2015 order simply refers to the motion to quash twice, stating: "Pulliam and Lodholtz cited this Court's order on July 5, 2012, which denied Willis's and Chartis's motions to quash and held that claims of privilege were waived because the Insurers failed to develop their claim of privilege, in support." (DE #235, p. 7.) . . . . And then, later in his decision, "[b]ecause the Insurers, including Willis, have now produced all documents in their possession that

are responsive to the Willis subpoena, Pulliam and Lodholtz's renewed motion to compel is DENIED AS MOOT. (DE #117.) Any remaining privilege-related questions can be raised through a separate motion to compel." (DE #235, p. 9.)[1] And finally, in a footnote, "[n]otably, this Court held that any privilege arguments as to documents requested in the Willis subpoena were waived because neither Willis nor Granite State had developed such an argument in the briefing to motion to quash. (DE #80 at 5-6.)" (DE #235, p. 9, n.2.)

The Insurers argue that Judge Nuechterlein based his original privilege waiver ruling on Granite's failure to include a privilege log with its motion to quash a subpoena served on Willis by Robert Lodholtz and Pulliam Enterprise, Inc. (Defendants). The Insurers claim, though, that Rule 45's privilege log requirements applies only when a party "withholds" documents in response to a subpoena and Granite did not "withhold" any documents through its motion to quash. The Insurers argue that Granite's privilege argument sought only to confirm that Willis - as Granite's agent, could withhold the same documents from its production that Granite was entitled to withhold from its production in response to discovery requests served on it by Defendants (of which the subpoena was duplicative).

In response, Pulliam contends the Insurers' objection is a

---

[1] Indeed, Pulliam filed a third motion to compel against Willis on June 24, 2015 (DE #244), the same day the instant objection was filed.

3

belated attempt to challenge a part of the Magistrate Judge's order of July 5, 2012, which denied Granite State's motion to quash the subpoena for documents served on Willis. (DE #253, pp. 1-2.) Pulliam argues Willis failed to object to that subpoena, the Magistrate Judge properly denied Granite State's motion to quash the Willis Subpoena in 2012, and because neither Willis nor the Insurers objected to the Order, the current objection should be overruled as untimely and unfounded. Granite State filed a reply memorandum on August 7, 2015 (DE #279), so this motion is now fully briefed and ripe for adjudication.

DISCUSSION

A district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

This Court concurs with Pulliam's arguments - the instant

objection is untimely because it is really challenging the Magistrate's ruling in July 5, 2012. (DE #80). Under Federal Rule of Civil Procedure 72(a), an objection to a Magistrate's order must be filed "within 14 days." Fed. R. Civ. P. 72(a). The Insurers themselves have characterized the Magistrate Judge's June 2015 order as reaffirming the "original" rulings made three years earlier, in the July 2012 Order. (DE #246, p. 1.) Yet, the Magistrate Judge makes clear that there is no new ruling in the June 2015 order - he uses the past tense when discussing the 2012 waiver ruling in his current order: "this Court held that any privilege arguments as to documents requested in the Willis subpoena were waived because neither Willis nor Granite State had developed such an argument in the briefing to motion to quash."). (DE #235, p. 9 n.2.) Judge Nuechterlein does not reconsider the merits of the debate, nor does he provide any additional legal argument or written reasoning for his ruling.

A party cannot get around the fourteen day deadline in which to object to a magistrate's ruling by later objecting to a reaffirmation of an early ruling. *See, e.g., Day v. River Forest School Dist. 90*, No. 10 CV 4426, 2012 WL 3835840, at *3 (N.D. Ill. Sept. 4, 2012) ("In essence, Mr. Day attempts to bootstrap untimely objections to his objection to the April 6 order, an attempt the court rejects"); *Holverson v. ThyssenKrupp Elevator Corp.*, No. 12-2765 ADM/FLN, 2013 WL 6709446, at *2 (D. Minn. Dec. 18, 2013) ("In

5

this case, [defendant] is purportedly objecting to Judge Noel's October 31, 2013 Order, but is actually objecting to the underlying August 13, 2013 Order, which the October 31, 2013 Order was only enforcing. . . . In other words, [defendant] will not be allowed to bootstrap its way into making a timely objection by not directly challenging the order it seeks to alter . . . . Thus, [defendant's] objection is overruled as untimely."). Similarly, by failing to object to the Magistrate Judge's 2012 order within 14 days, the Insurers have waived any objection to rulings made in that Order. *Day*, 2012 WL 3835840, at *2 ("A party who misses the 14-day deadline waives his right to object to the magistrate judge's order.").

The case cited by the Insurers in their reply brief, *Berry Plastics Corp. v. Intertape Polymer Corp.*, No, 3:10-cv-00076-RLY-WGH, 2012 WL 271334 (S.D. Ind. Jan. 30, 2012), misses the mark. In that case, the Defendant filed a motion to compel, and the Magistrate Judge granted in part, and denied in part, that motion in an October 17th Order. *Id.* at *1. On November 1, 2011, the Defendant simultaneously filed both an Objection with the district court, and a separate motion to reconsider the October 17 Order with the Magistrate Judge. On November 28, 2011, the Magistrate Judge issued a notation order denying the motion to reconsider ("November 28 Order"). Defendant then brought a second objection with the district court and the "parties indicate[d] that the

6

present Objection incorporates the Objection filed on November 1, 2011." *Id.* While the district court entertained the objection, the crucial difference is that in *Berry Plastics*, the defendant filed an objection to the initial Magistrate Order, and indicated the second objection (filed closely thereafter) incorporated the first objection as well. *Id.* In this case, the Insurers never filed an objection to the July 2012 order, which occurred 3 years before, and this objection is untimely.

While the 14-day deadline is not jurisdictional, *see Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000), the parties and the Court are not free to ignore it. "Rather, the court should take into account whether the objections are egregiously late and whether the delay in filing them has caused any prejudice in determining whether to consider the late-filed objections." *Day*, 2012 WL 3835840, at *2. The decision whether to consider a late-filed objection is within the court's discretion. *See Anderson v. Hale*, 159 F.Supp.2d 1116, 1117 (N.D. Ill. 2001) (citing *Kruger*, 214 F.3d at 786.) Here, the Insurers delayed filing their objection for years. True, discovery was stayed for a good portion of that time, but nevertheless, the delay was lengthy. The Court also believes that the delay did result in prejudice - multiple dispositive motions have been filed, and settlement negotiations have occurred (and failed) - the documents that have been withheld might have affected those motions and proceedings.

Even if the Objection was timely, the Insurers have failed to demonstrate how Judge Nuechterlein's orders are clearly erroneous. A ruling is clearly erroneous if it leaves the court "with a definite and firm conviction that a mistake has been made." *Weeks v. Sansun Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Here, Judge Nuechterlein's ruling does not leave the Court with a definite and firm belief that a mistake has been made. When served with the 2012 subpoena, Willis did not object under Rule 45, and it did not produce documents, and it did not assert a claim or privilege or provide a privilege log of allegedly privileged documents. Instead, Granite State tried to deal with the Willis subpoena, and tried to quash the subpoena. In seeking to quash, Granite State asserted a claim of privilege without identifying what documents in response to the Willis Subpoena were being withheld as privileged. However, "[a] specific explanation of why the document is privileged must be shown by the party claiming a privilege, such that a court can decide whether the party has met its burden. Mere conclusory statements of privilege will not satisfy the party's burden." *Illiana Surgery and Med. Ctr. LLC v. Hartford Fire Ins. Co.*, No. 2:07-cv-3, 2012 WL 776694, at *3 (N.D. Ind. Mar. 7, 2012) (citations omitted).

The Magistrate Judge denied Granite State's motion to quash the Willis Subpoena and ruled that any claim of privilege had been waived: "Granite State has failed to develop its claim of privilege

and any such claims are now waived." (DE #80, p. 5.) This ruling is not clearly erroneous or contrary to law.[2] It was a discretionary ruling consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(2)(B); 45(e)(2)(A); 26 (Advisory Committee Note to Paragraph (5) of 1993 Amendment: "A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery request because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."). A Magistrate Judge has the discretion to find a waiver of privilege for failure to follow the Federal Rules. *See, e.g., Kochert v. Adagen Med. Int'l, Inc.,* 491 F.3d 674, 679 (7th Cir. 2007) (explaining that an undeveloped argument is a waived argument); *Flood v. Dominguez*, No. 2:08-CV-153-PPS-PRC, 2011 WL 578656, at *2 (N.D. Ind. Feb. 9, 2011) ("A party's failure to produce a requisite privilege log may result in the waiver of any privilege."); *Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 608 (N.D. Ill. 2010) ("Again, parties and their counsel are cautioned that a timely and adequate privilege log is required by the federal rules, and that failure to serve an adequate privilege

---

[2]Nor was Judge Nuechterlein's treatment of this issue "cavalier," as claimed by the Insurers. (DE #279, p. 4.)

log may result in a waiver of any protection from discovery. Counsel should not expect that the court will substitute its own review for a proper assertion of privilege.").

CONCLUSION

For the aforementioned reasons, Granite State Insurance Company and New Hampshire Insurance Company's Objection to Magistrate Judge Nuechterlein's June 10, 2015 Order (DE #246) is **OVERRULED.**

**DATED:  August 18, 2015**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**