# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY and NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 3:11-CV-432 |
| PULLIAM ENTERPRISES, INC., And ROBERT LODHOLTZ, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) issue of jurisdiction, which the Court asked the parties to brief in its June 10, 2015, order (DE #235); (2) "Pulliam Enterprises, Inc., and Robert Lodholtz's Motion for Partial Summary Judgment Based on the Binding and Preclusive Effect of the Seventh Circuit Decision and the Indiana Judgment," filed by Defendants, Pulliam Enterprises, Inc., and Robert Lodholtz, on January 25, 2015 (DE #164); (3) "Pulliam Enterprises, Inc., and Robert Lodholtz's Motion for Partial Summary Judgment Against Granite State Insurance Company Based on Indiana's Law of Estoppel and Waiver," filed by Defendants, Pulliam Enterprises, Inc., and Robert Lodholtz, on January 25, 2015 (DE #166); (4) "Granite State Insurance Company and New Hampshire Insurance Company's Motion Requesting Oral

Argument," filed by Granite State Insurance Company and New Hampshire Insurance Company, on May 7, 2015 (DE #203); (5) Granite State Insurance Company's Motion Requesting Oral Argument, filed by Granite State, on May 7, 2015 (DE #206); (6) "Pulliam Enterprises, Inc., and Robert Lodholtz's Motion to Strike Portions of the Insurers' Response Brief, Appendix, Declaration, and Exhibits Opposing Motion for Partial Summary Judgment Based on the Binding and Preclusive Effect of the Seventh Circuit Decision and the Indiana Judgment," filed by Pulliam Enterprises, Inc., and Robert Lodholtz, on June 1, 2015 (DE #229); (7) "Pulliam Enterprises, Inc., and Robert Lodholtz's Motion to Strike Portions of Granite State's Response Brief, Appendix, Declaration, and Exhibits Opposing Motion for Partial Summary Judgment Based on Indiana's Law of Estoppel and Waiver," filed by Pulliam Enterprises, Inc., and Robert Lodholtz, on June 3, 2015 (DE #231); and (8) "Pulliam Enterprises, Inc., and Robert Lodholtz's Motion for Leave to Submit Supplemental Designations of Evidence Supporting Their Motion For Partial Summary Judgment Against Granite State Insurance Company Based on Indiana's Law of Estoppel and Waiver," filed by Pulliam Enterprises, Inc., and Robert Lodholtz, on August 18, 2015 (DE #280).

For the reasons set forth below, the Court **DISMISSES** the following claims for **lack of subject matter jurisdiction**: Granite State's Count I ("Employer's Liability Exclusion"), and the

2

following claims asserted by both Insurers: Count II ("Legally Obligated to Pay); Count IV ("Failure to Cooperate"), Count VII ("Reasonableness of Judgment"); Count VIII ("Failure to Mitigate"); Count IX ("Void Judgment"), and Count X ("Rescission").

Given the fact that many claims are no longer a part of this action for lack of jurisdiction, and to streamline the motions and memoranda, the motions for partial summary judgment (DE #164 and #166) are **DENIED** with **LEAVE TO REFILE**, with the instructions that only the remaining counts should be addressed. Additionally, the motions for oral argument on summary judgment (DE #203 and #206) are **DENIED AS MOOT**; the motions to strike (DE #229 and #231) are **DENIED AS MOOT**; and the motion for leave to submit supplemental designations of evidence (DE #280) is **DENIED AS MOOT.**

DISCUSSION

The procedural history of the case is adequately summarized in the Insurers' Memorandum of Law in Support of Federal Jurisdiction (DE #260), and Pulliam Enterprises, Inc., and Robert Lodholtz's Response to the Insurers' Jurisdictional Statement (DE #261), and the Court will not repeat it at length here.

The Insurers (Granite State Insurance Company ("Granite State") and New Hampshire Insurance Company ("NHIC")) brought this action to obtain a declaration that they have no obligation to indemnify Pulliam Enterprises, Inc. ("Pulliam") or its assignee

3

("Lodholtz") for a judgment entered against Pulliam in Indiana State Court. Counts I through VIII of the Insurers' complaint seek rulings that their policies do not provide coverage for the state court judgment, Count IX seeks a ruling that the Indiana judgment is void because the Indiana court lacked subject matter jurisdiction and thus there is no judgment for the Insurers to indemnify, and Count X of the Insurers' complaints seeks rescission of the Policies based on Pulliam's alleged misrepresentation to the Insurers.

On March 21, 2014, this Court granted partial summary judgment in favor of the Insurers on the ground that the Indiana state court lacked subject matter jurisdiction to enter the Indiana Judgment, and therefore, the Insurers were not bound by the judgment. Defendants appealed, and on December 4, 2014, the Seventh Circuit reversed this Court's decision, holding the *Rooker-Feldman* doctrine precluded this Court from disregarding the Indiana Judgment on the ground that the Indiana court lacked subject matter jurisdiction. The Insurers acknowledge this ruling forecloses Count IX of Granite State and New Hampshire's complaints (seeking a ruling that the judgment of the Indiana state court was void). However, the Insurers argue that this Court does have the jurisdiction to hear the claims asserted in Counts I to VIII and Count X.

In contrast, Lodholtz and Pulliam contend that the only count not barred by jurisdictional grounds is Count III - but that all

4

the other counts are barred.

Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine gets its name from two decisions of the United States Supreme Court - *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004).

The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when: (1) a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment, and seeks review and rejection of that judgment; and (2) the losing party files a federal claim after the state court proceedings have ended. *See Holt v. Lake Cnty. Bd. Of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005). It is jurisdictional in nature and "[s]ince the *Rooker-Feldman* doctrine is about whether inferior federal courts have the *authority* (i.e., subject matter jurisdiction) to hear a given case, it can be raised at any time, by either party, or *sua sponte* by the court." *Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996) (italics in original).

*Rooker-Feldman* is based upon recognition of the fact that

5

lower federal courts generally do not have the power to exercise appellate review over state court decisions. Indeed, "no matter how erroneous or unconstitutional the state court judgment may be," the doctrine prohibits federal jurisdiction over claims seeking review of state court judgments. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted). In *Rooker*, the Supreme Court held that even if a state court decision was wrong, only the Supreme Court has the power to reverse or modify that judgment, since the jurisdiction of federal district courts is strictly original. 263 U.S. at 415-16. Similarly, the Supreme Court in *Feldman* held that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." 460 U.S. at 482. This circuit has consistently emphasized that "[t]aken together, *Rooker* and *Feldman* stand for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (quotation omitted). To determine whether *Rooker-Feldman* applies, the fundamental question is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. *Garry*, 82 F.3d at 1365.

The Insurers argue that in order to run afoul of *Rooker-Feldman*, a plaintiff's claim must actually and directly attack the judgment itself or the proceedings used in obtaining that judgment. (DE #260, p. 12.) However, this is not an accurate statement of the law. The *Rooker-Feldman* doctrine prohibits federal district

6

courts from reviewing state court civil judgments, including all claims that are *inextricably intertwined* with those judgments. *See Feldman*, 460 U.S. 462; *Rooker*, 263 U.S. 413.[1] The Insurers quote dicta from *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 734 (7th Cir. 2014), and three cases that rely on that dicta (*Sheetz v. Norwood*, No. 14-1732, 2015 WL 1411936, at *2 (7th Cir. Mar. 30, 2015), *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015), and *King v. Indiana Supreme Court*, No. 1:14-cv-01092-JMS, 2015 WL 2092848, at *7 (S.D. Ind. May 5, 2015)), for the proposition that the mere fact that a plaintiff's claim is inextricably intertwined with a state court decision does not preclude a federal court from hearing it.

To the extent the Insurers are implying that *Feldman*'s inextricably-intertwined standard has been overruled by the Seventh Circuit's dicta in *Richardson*, they are simply incorrect. Indeed, the same argument was addressed and rejected by another district court this year:

> Jung thus contends that *Richardson* "rejected [the]

---

[1] As Pulliam and Lodholtz point out, the Seventh Circuit has continued to use *Feldman*'s inextricably-intertwined standard after the Supreme Court decided *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). *See, e.g., Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 647 (7th Cir. 2011); *Kansas City S. Ry. Co. v. Koeller*, 653 F.3d 496, 503 (7th Cir. 2011); *Brown v. Bowman*, 668 F.3d 437, 442-43 (7th Cir. 2012); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008); *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008); *Hemmer v. Ind. State Bd. Of Animal Health*, 532 F.3d 610, 613-14 (7th Cir. 2008); *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (all recognizing and employing the inextricably-intertwined standard).

7

> 'inextricably intertwined' defense relied on by this court." Dkt. 34, at 6. **This is an overstatement; the case does not purport to overrule any earlier decision, nor did the Seventh Circuit hold that district courts may no longer use the "inextricably intertwined" analysis to evaluate *Rooker-Feldman* issues**. Indeed, such a holding would be quite bold, given that the Supreme Court used the concept in one of the doctrine's namesake cases, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). *Richardson* hints that the Seventh Circuit's preferred approach to the *Rooker-Feldman* doctrine would not turn on the question of whether the relief sought in federal court was "inextricably intertwined" with a state court judgment. But this court's task is to apply precedent as it stands, rather than anticipate Circuit law based on dicta. *See, e.g., Dawaji v. Kohlhoss*, No. 13-cv-6404, 2014 WL 4913741, at *3 (N.D. Ill. Sept. 30, 2014) (acknowledging *Richardson* but nevertheless proceeding to consider whether a federal claim was inextricably intertwined with a state court judgment). *Richardson* does not require the court to revisit its earlier decision, and Jung's motion for reconsideration made no effort to show how this court's decision conflicts with *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005).

*Jung v. Cottonwood Fin. Wisconsin, LLC*, No. 14-cv-241-jdp, 2015 WL 106227, at *2 (W.D. Wisc. Jan. 7, 2015). Moreover, the Northern District of Illinois also rejected the argument that the dicta in *Richardson* overrules *Feldman's* inextricably-intertwined standard:

> The *Richardson* opinion does not acknowledge the many post- *Saudi Basic Industries Decisions*, cited in the text, where the Seventh Circuit applied the "inextricably intertwined" standard in *Rooker-Feldman* cases. That aspect of those decisions finds support in the *Feldman* case itself, which twice used the term "inextricably intertwined" to delineate the doctrine's scope. . . . *Saudi Basic Industries* cited, without disapproval, *Feldman*'s deployment of the "inextricably intertwined" language. More to the point for purposes of a district's court's task, *Richardson* did not overrule the above-cited post-*Saudi Basic*

8

> *Industries* decisions. Instead, *Richardson* simply expressed skepticism about the "inextricably intertwined" analysis, and it ultimately resolved the case before it on non-*Rooker-Feldman* grounds because the state court judgment predicating the *Rooker-Feldman* argument had been vacated.

*Dawaji v. Kohlhoss*, No. 13 C 6404, 2014 WL 4913741, at *3, *n (N. Dist. Ill. Sept. 30, 2014) (citations omitted). Lodholtz and Pulliam cite additional recent cases in their memorandum, further demonstrating that the district courts within the circuit are still using the inextricably-intertwined standard set forth in *Feldman*. (*See* DE #261, pp. 11-13.)

Now that the Court has determined that the "inextricably intertwined" analysis is still intact, it must apply it to this case. As the Court stated in *Brown*:

> *Rooker-Feldman* bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision. In this latter instance, *Rooker-Feldman* will act as a jurisdictional bar if those claims are "inextricably intertwined" with a state court judgment. Though sometimes understandably labeled a "metaphysical concept," the thrust of the "inextricably intertwined" inquiry asks whether "the district court is in essence being called upon to review the state-court decision." *Id.*; *see also Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996) ("[C]onstitutional claims that are 'inextricably intertwined' with state court judgments of necessity call upon the district court to review the state court decision and are thus beyond the district court's jurisdiction."). The determination of whether a federal claim is "inextricably intertwined" hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior

9

> injury that the state court failed to remedy. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999).

*Brown,* 668 F.3d at 442 (some citations omitted).

If a court finds a claim is inextricably intertwined with the state court judgment, the *Rooker-Feldman* doctrine still only applies if the plaintiff had a reasonable opportunity to raise the issues in the state court proceeding. *Taylor v. Fed. Nat. Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). Also, the Court notes that the Indiana trial court issued three Indiana judgments: (1) the default judgment on liability (DE #81-5), (2) the order denying Granite State's motion to intervene and to vacate the default judgment (DE #135-1), which is deemed a final judgment under Indiana law (*see* Ind. R. Tr. P. 60(C), and (3) the judgment following the trial on damages (DE #81-13). Any claim that is "inextricably intertwined" with any one of these Indiana judgments is barred by *Rooker-Feldman*.

The Court shall address the counts to determine whether they should be dismissed under *Rooker-Feldman* for lack of subject-matter jurisdiction.

### The Insurers' Count VII ("Reasonableness of Judgment") and Count VIII ("Failure to Mitigate") are Barred

The Insurers admit that the Seventh Circuit held "that the *Rooker-Feldman* doctrine precludes Insurers from attacking the underlying judgment." (DE #201, p. 17.) This admission dooms

10

Counts VII ("Reasonableness of Judgment") and Count VIII ("Failure to Mitigate") because both of those claims are merely collateral attacks on the Indiana judgment and improperly request that a federal court review the propriety of a state-court judgment. In ruling on the appeal in this case, the Seventh Circuit stated that "[t]he Supreme Court of the United States is the only federal court with appellate authority over state courts; that is the *Rooker-Feldman* doctrine . . . . Granite State has struck out. The jurisdictional issue on which its federal suit is based was resolved against it by the Indiana courts, and there is no ground for a collateral attack by another judicial system on that determination." *In re Lodholtz*, 769 F.3d 531, 534 (7th Cir. 2014).[2] Clearly, both Count VII and Count VIII directly attack the underlying judgment and, moreover, present claims where the "allegations are inextricably intertwined" with the state-court decisions. *Feldman*, 460 U.S. at 486-87. This Court "in essence" is "being called upon to review the state court decision," which is something it "may not do." *Id.* at 482 n. 16; *see also Brown*, 668

---

[2] The Insurers make much of the fact that the Seventh Circuit initially dismissed the entire case, but then after the Insurers petitioned for rehearing, the Court issued a modified decision on December 4, 2014, remanding the action for further proceedings. (DE #260, Ex. F.) This Court recognizes that the Seventh Circuit believed dismissal of the entire action was not appropriate; however, this Court does not interpret the Seventh Circuit decision to mean that ALL of the claims are properly before this Court. Rather, this Court takes it upon itself to analyze whether it has subject jurisdiction over the remaining claims.

F.3d at 442.

The Insurers' Count II ("Legally Obligated to Pay") is Barred

The Indiana trial court already decided that Pulliam was "legally obligated" to pay the Indiana court judgment. Indeed, "[b]y virtue of the . . . entry of judgment," Pulliam "became legally obligated to pay the compensatory damages judgment[]" entered against it. *Executive Builders, Inc. v. Motorists Ins. Cos.*, No. IP00-00180C-T/G, 2001 WL 548391, at *16 (S.D. Ind. Mar. 30, 2001). Moreover, under Indiana law, a "judgment is in full force and effect until it is reversed, and is binding on the parties as to every question decided." *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996) (quoting *Jones v. American Family Mut. Ins. Co.*, 489 N.E.2d 160, 166 (Ind. Ct. App. 1986)). Not only was the Indiana Judgment never reversed here, but it was affirmed on appeal. *See Granite State Ins. Co. v. Lodhotlz*, 981 N.E.2d 563, 567 (Ind. Ct. App. 2012) ("We affirm the judgment of the trial court."), trans. denied, 988 N.E.2d 267 (Ind. May 23, 2013) ("Transfer denied. All Justices concur."). Despite the fact the Insurers refer to this as a "coverage action," the Court still sees it as an attack on the state court judgment, and additionally, as inextricably intertwined with the state-court decision. As such, Count II is barred by *Rooker-Feldman*.

Granite State's Count I ("Employer's Liability Exclusion") and The

Insurers' Count X ("Rescission) are Barred

Count I ("Employer's Liability Exclusion") alleges that Lodholtz was "an employee of Pulliam" and that the "employer's liability exclusion" of the Granite State Policy "precludes coverage for employees of Pulliam." (*See* DE #81, at 11, ¶¶ 49-50.) Count X ("Rescission") is also premised on Lodholtz being a Pulliam employee. (*Id.* at 16, ¶ 102.) The Seventh Circuit clearly articulated that the Indiana Judgment and Indiana appellate decisions are all based upon a determination that Lodholtz was "not Pulliam's employee." *See Lodholtz*, 769 F.3d at 533-34. Granite State explicitly argued that Lodholtz was Pulliam's employee in its submissions in the Indiana trial court (DE #96-7 at ¶¶ 41, 42), the Indiana Court of Appeals (DE #135-2; DE #135-3), and the Indiana Supreme Court (DE #135-4; DE #135-5). However, Granite State lost in all three Indiana courts, which determined that Lodholtz was **not** Pulliam's employee. The Seventh Circuit then rejected Granite State's argument that "Lodholtz really was an employee of Pulliam." *Lodholtz,* 769 F.3d at 534. This Court does not have jurisdiction over the element of the Insurers' complaints alleging that Lodholtz was Pulliam's employee - the Indiana courts have already made that determination.

The Insurers' Count IV ("Failure to Cooperate") is Barred

Count IV for "Failure to Cooperate" is also barred by *Rooker-*

*Feldman* because it is inextricably intertwined with the Indiana judgments. First, the Indiana court already found that Lodholtz was not Pulliam's employee. Second, the Indiana Court of Appeals already determined that "Granite State got exactly what it asked for" when it told Pulliam to "defend itself." *Granite State*, 981 N.E.2d at 567 n.3. And the Seventh Circuit found that Granite State later tried "to undermine the Indiana law that gives the insured the right to manage its own defense when the insurer reserves the right to deny coverage." *Lodholtz*, 769 F.3d at 534.

Here, Count IV fails to allege a prior injury or a distinct injury, or "an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment." *Garry*, 82 F.3d at 1365-66. Rather, the Insurers are trying to take another shot at determinations already made by the Indiana courts.

The Insurers argue that Count IV sets forth an injury "independent of the state court judgment." (DE #260, p. 14.) However, an alleged injury is only "'independent' if the state court was acting in a non-judicial capacity when it affected the plaintiff." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (quotation omitted). That did not happen in this case.

<u>The Insurers' Count IX ("Void Judgment") is Barred</u>

Count IX seeks to directly set aside the Indiana Judgment and is therefore barred under *Rooker-Feldman* "without additional

14

inquiry." *See Taylor*, 374 F.3d at 532 ("Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry."). The Insurers seem to concede this (by not addressing this count in their memorandum).

Count I of New Hampshire Insurance Companies ("NHIC") Complaint ("Satisfaction of Retained Limits") is Not Barred by *Rooker-Feldman*

Count I of NHIC's Complaint seeks a ruling that it has no obligation to indemnify Pulliam for amounts within Pulliam's retained limit. NHIC's request relies on the plain language of its Insuring Agreement which states: "We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay by reason of liability imposed by law . . . ." and which the Insurers argue is applicable regardless of whether the judgment was a default judgment entered without subject matter jurisdiction or otherwise. (DE #260, pp. 14-15.) Because NHIC alleges that there has been "no determination" yet regarding any underlying insurance coverage and that its Umbrella Policy is "not currently implicated" (DE #71, p. 11), this claim is not inextricably intertwined, and not barred by *Rooker-Feldman.*

The Insurers' Count III ("Late Notice")is Also Not Barred by Rooker-Feldman

Count III seeks a ruling that the Insurers have no obligation to indemnify Pulliam because Pulliam failed to timely notify them

15

of Lodholtz's accident.  This seems to be the only claim that alleges an injury that precedes all three of the Indiana judgments and that is an injury "apart from the loss in state court and not 'inextricably intertwined' with the state judgment[s]." *Garry*, 82 F.3d at 1365-66.  As such, Pulliam and Lodholtz concede that *Rooker-Feldman* does not bar this Court from exercising jurisdiction over the late-notice claim.

The Insurers' Count V ("Assumption of Obligation Without Consent") and Count VI ("Transfer of Rights Without Consent")

Pulliam and Lodholtz do not argue that Count V (failure to obtain consent to settle), and Count VI (failure to obtain consent to transfer policy rights) fail under *Rooker-Feldman*, but rather acknowledge that it "is arguable" whether this Court has jurisdiction over these claims.  (DE #261, pp. 21.)  However, Pulliam and Lodholtz then contend the Court may dismiss Counts V and VI for lack of jurisdiction because of the absence of an Article III "case or controversy."  (*Id.*, pp. 21-22.)  It is true that the Insurers state that the claims "do not assert 'injury' at all, let alone injury from a state court judgment it lost," but then the Insurers continue on to say that the counts "seek to forestall the insured's claim that it was injured by the Insurers refusal to defend and indemnify it."  (DE #260, pp. 15-16.)  The Insurers cite *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003) (explaining that the Declaratory Judgment Act

16

allows potential defendants to preemptively file suit based on allegations that another party alleges will accuse it of injury). The parties have just scratched the surface of the argument on these claims. The Court is at least satisfied that Counts V and VI do not run afoul of *Rooker-Feldman* because the alleged injuries stemming from the failure to obtain consent to settle and the failure to obtain consent to transfer policy rights are litigation conduct independent from the state court judgments. The parties are free to argue in future summary judgment briefing about whether the claims should be dismissed for other reasons.

Reasonable Opportunity

Even if a court concludes that a claim is "inextricably intertwined" with a state court judgment, the court must still consider whether the plaintiff had "a reasonable opportunity to raise the issue in state court proceedings." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). If the plaintiff could have raised the issue in state court, the claim is barred under *Rooker-Feldman*. *Id.* The Seventh Circuit has held that "[i]n deciding whether [a federal plaintiff] lacked a reasonable opportunity to present its claims in state court, we focus on difficulties caused not by opposing parties, but by state-court rules or procedures." *Beth-El All Nations Church*, 486 F.3d at 292; *see also Taylor*, 374 F.3d at 533.

17

Here, no state court rules or procedures have barred the Insurers from raising their claims in the Indiana state courts. As Pulliam and Lodholtz point out, declaratory actions on insurance coverage are routinely filed in Indiana state courts and, as pointed out by the Indiana Court of Appeals, Granite State "could have" sought permissive intervention under Indiana Trial Rule 24(B) and argued "no coverage" then, but failed to do so and instead sought to intervene as of right under Rule 24(a). *See Garry*, 82 F.3d at 1368, n. 13 (rejecting the no-reasonable opportunity argument, stating: "[t]he plaintiffs' problem is not the Illinois process, but their own failure to make their constitutional challenge at the appropriate time and in the appropriate manner."). Moreover, a federal plaintiff "cannot avoid *Rooker-Feldman* by simply not submitting his claim in state court." *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001). Finally, this Court concurs with Pulliam and Lodholtz that two of the allegations upon which most of the claims in this Court are based (that Lodholtz was Pulliam's employee and that Granite State had the right to control the defense of Pulliam without acknowledging coverage) actually were raised in Granite State's motion to intervene and vacate the default judgment (DE #96-7) and its appellate briefs filed in the Indiana state action (DE #135-2; DE #135-3; DE #135-4, and DE #135-5), and Granite State lost at every turn. *See Nora v. Residential Funding Co., LLC*, 543 Fed. Appx. 601, 602 (7th Cir. 2013)("Nora had

the opportunity to raise - and did raise - her fraud allegations in the state foreclosure proceeding where the court rejected them. Only the Supreme Court can review the Wisconsin court's rejection of those allegations in entering its judgment of foreclosure."). As in *Nora*, the Insurers here had the opportunity to raise their claims in state court.

Granite State's Parent Company, NHIC, is Also Bound by *Rooker-Feldman*

The Insurers insinuate in a footnote that the Seventh Circuit should not have applied the *Rooker-Feldman* doctrine to Granite State or NHIC because they were "non-parties" in the Indiana action. (DE #260, p. 14 n.2.) The Seventh Circuit has already decided that the *Rooker-Feldman* doctrine applies to Granite State and NHIC, and that decision is the law of the case, which this Court is bound to uphold. Moreover, that argument loses on the merits as well - Granite State was in a position to seek appeal of the Indiana Judgment (and indeed did appeal it), and lost. Granite State was the "direct, wholly-owned (100%) subsidiary" of NHIC during the state proceedings, so NHIC was in a position equivalent to Granite State. (DE #17.)

Finally, the Supreme Court has made clear that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers," *Exxon Mobil*, 544 U.S. at 284, and Granite State was a "state court loser" at all three levels of the Indiana proceedings. "Granite

State has struck out."  *Lodholtz*, 769 F.3d at 534.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the following claims for **lack of subject matter jurisdiction**: Granite State's Count I ("Employer's Liability Exclusion"), and the following claims asserted by both Insurers: Count II ("Legally Obligated to Pay); Count IV ("Failure to Cooperate"), Count VII ("Reasonableness of Judgment"); Count VIII ("Failure to Mitigate"); Count IX ("Void Judgment"), and Count X ("Rescission").

Given the fact that many claims are no longer a part of this action for lack of jurisdiction, and to streamline the motions and memoranda, the motions for partial summary judgment (DE #164 and #166) are **DENIED** with **LEAVE TO REFILE**, with the instructions that only the remaining counts should be addressed.  Additionally, the motions for oral argument on summary judgment (DE #203 and #206) are **DENIED AS MOOT**; the motions to strike (DE #229 and #231) are **DENIED AS MOOT**; and the motion for leave to submit supplemental designations of evidence (DE #280) is **DENIED AS MOOT.**

**DATED: September 30, 2015**        /s/ RUDY LOZANO, Judge
                                     **United States District Court**